STEVE ELZINGA, OSB #123102
Marion County Counsel
*selzinga@co.marion.or.us*
SEBASTIAN TAPIA, OSB #043761
Sr. Assistant Legal Counsel
*stapia@co.marion.or.us*
555 Court Street N.E., Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220

*Of Attorneys for Marion County*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **MARION COUNTY,** a Political Subdivision of the State of Oregon;<br><br>       Plaintiff,<br><br> v.<br><br>**TINA KOTEK,** in her official capacity as Governor of Oregon;<br><br>**KRISTI NOEM**, in her official capacity as Director of the United States Homeland Security; and<br><br>**TODD LYONS,** in his official capacity as Acting Director of the United States Immigration and Customs Enforcement,<br><br>      Defendants. | **Case No.** 6:25-cv-01464<br><br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Marion County alleges as follows:

## **INTRODUCTION**

1.

Marion County is committed to prosecuting and holding accountable all people who commit crimes regardless of their immigration status.

2.

Agents of the United States Department of Homeland Security issued immigration enforcement subpoenas under 8 U.S.C. §1225(d) to Marion County requesting records of individuals on parole by August 18, 2025. Records responsive to the subpoenas are public records that would be available to any person who makes a public records request.

3.

Oregon has passed a Sanctuary law that limits use of state and local resources related to immigration enforcement. Oregon's Sanctuary law has internal inconsistencies and appears to conflict with federal law and Oregon's Public Records laws in this situation.

4.

Marion County is committed to following both federal and state laws. Since applicable laws are unclear, Marion County asks the Court to clarify what the law requires. Marion County faces liabilities or loss of funding if it applies laws incorrectly.

5.

Congress granted the Attorney General and any immigration officer administrative powers to issue immigration subpoenas "concerning any matter which is material and relevant to the enforcement of this chapter." 8 U.S.C. §1225 (d)(4)(A). Refusal to comply with a subpoena of this nature may result in a court order to comply or order of contempt. 8 U.S.C. §

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

1225 (d)(4)(B).

6.

The President of the United States has declared a "national emergency exists at the southern border of the United States" from the unprecedented "illegal entry of aliens" into the country. Proclamation 10,886, *Declaring a National Emergency at the Southern Border of the United States*, 90 Fed. Reg. 8327, 8327 (Jan. 20, 2025). The President of the United States has further declared "Many of these aliens unlawfully within the United States present significant threats to national security and public safety, committing vile and heinous acts against innocent Americans." Executive Order 14,159, *Protecting the American People Against Invasion*, 90 Fed. Reg. 8443, 8443 (Jan. 20, 2025).

7.

The President of the United States signed Executive Order 14,287 on April 28, 2025, which states in part, "the Attorney General and the Secretary of Homeland Security shall notify each sanctuary jurisdiction regarding its defiance of Federal immigration law enforcement and any potential violations of Federal criminal law." Exec. Order No. 14,761, 90 FR 18761 (2025). It goes on to state the federal government, "shall identify appropriate Federal funds to sanctuary jurisdictions, including grants and contracts, for suspension or termination, as appropriate." *Id*.

8.

On August 13, 2025, United States Attorney General Pamela Bondi sent a letter to Oregon Governor Tina Kotek which states in part, "[t]he United States has a long history of cooperation with state and local law enforcement agencies, including for immigration enforcement. Such cooperation is vital to enforce federal law and protect national security. Recognizing that need, Congress has codified the duty of states and local governments to

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

cooperate in immigration enforcement efforts." It goes on to state that "[i]ndividuals operating under the color of law, using their official position to obstruct federal immigration enforcement efforts and facilitating or inducing illegal immigration may be subject to criminal charges." It further states that "local entities . . . may also be subject to civil liability."

9.

The United States Department of Justice currently designates the State of Oregon as a sanctuary jurisdiction, which imposes restrictions on its counties and cities pertaining to certain requests by the United States Immigration and Customs Enforcement division.  *See, e.g.*, https://www.justice.gov/opa/pr/justice-department-publishes-list-sanctuary-jurisdictions The United States Department of Justice does not currently designate Marion County as a sanctuary jurisdiction. *Id.*

## SUBPOENAS TO MARION COUNTY

10.

On August 1, 2025, the United States Department of Homeland Security issued five subpoenas under 8 U.S.C. § 1225(d) and 8 C.F.R. § 287.4 to Marion County Sheriff's Office requesting records by August 18, 2025. Each subpoena is labeled an "IMMIGRATION ENFORCEMENT SUBPOENA," is signed by an immigration officer with United States Immigration and Customs Enforcement, and was served in Salem, Oregon.

11.

The first subpoena to Marion County seeks records for a named individual who is a Level I Sex Offender and is on parole in Marion County for three convictions of Rape in the First Degree and two convictions of Sexual Abuse in the First Degree.

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

12.

The second subpoena to Marion County seeks records for a named individual who is a Level I Sex Offender and is on parole in Marion County for one conviction of Rape in the First Degree and one conviction of Sexual Abuse in the First Degree.

13.

The third subpoena to Marion County seeks records for a named individual who is on parole in Marion County for two convictions of Sexual Abuse in the First Degree.

14.

The fourth subpoena to Marion County seeks records for a named individual who is on parole in Marion County for one conviction of Kidnapping in the First Degree and one conviction of Robbery in the First Degree.

15.

The fifth subpoena to Marion County seeks records for an individual whose identity is unclear.

16.

Each of the subpoenas to Marion County requests the same categories of information, namely:

1. Documents sufficient to show the following:

> a. Home Address(es) during the period of supervision,
> b. Phone Number(s) during the period of supervision,
> c. Driver's License Number and State,
> d. Name of employer(s) during the period of supervision,
> e. Employment Address(es) during the period of supervision,
> f. Country of Birth, Place of Birth, Date of Birth
> g. Emergency Contact Number,
> h. Bail or bond records to include the obligor name and address

2. Documents sufficient to show the underlying criminal charge relating to [the

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

subject's], supervision, including but not limited to unredacted police reports, booking sheets, booking photos, probable cause statements, jail disciplinary records, or release agreements or release documents.

17.

Marion County interprets request #1 "Documents sufficient to show the following . . ." as capable of being satisfied by a summary document containing the available requested information or other similar records.

18.

Marion County interprets request #2 "Documents sufficient to show the underlying criminal charge to [the subject's] supervision . . ." as being satisfied by a copy of the State of Oregon Board of Parole and Post-Prison Supervision Order of Supervision Conditions for that individual showing the offenses for which the individual is serving parole.

19.

Marion County has gathered records responsive to the federal subpoenas.

20.

Records responsive to the federal subpoenas are public records that would be available to any person who makes a public records request. None of the responsive records that Marion County would produce are subject to public records exemptions.

21.

Marion County is prepared to either provide or withhold the requested records based on what the Court determines the law requires.

## JURISDICTION AND VENUE

22.

The federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve a federal

question. *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 642 (2002).  In narrow circumstances, "a

person may seek declaratory relief in federal court if the one against whom he brings his action

could have asserted his own rights there." *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th

Cir. 1997).  Thus, "[if] . . . the declaratory judgment defendant could have brought a coercive

action in federal court to enforce its rights, then [the court] ha[s] jurisdiction;" or, "[i]n other

words, in a sense [the court] can reposition the parties in a declaratory relief action by asking

whether [the court] would have jurisdiction had the declaratory relief defendant been a plaintiff

seeking a federal remedy." *Id.* (citing *Janakes v. Unites States Postal Serv.*, 768 F.2d 1091, 1093

(9th Cir. 1985)).  In the present case, the Department of Homeland Security or any immigration

officer could bring the same claim against Marion County addressing the same issues that are

raised here under 8 U.S.C. § 1225 (d)(4)(B).

23.

Supplemental jurisdiction exists against Defendant Tina Kotek in her Official Capacity as

Governor of the State of Oregon as follows:

> (a)Except as provided in subsections (b) and (c) or as expressly provided
> otherwise by Federal statute, in any civil action of which the district courts have
> original jurisdiction, the district courts shall have supplemental jurisdiction over
> all other claims that are so related to claims in the action within such original
> jurisdiction that they form part of the same case or controversy under Article III
> of the United States Constitution. Such supplemental jurisdiction shall include
> claims that involve the joinder or intervention of additional parties.
> . . .
>
> (c)The district courts may decline to exercise supplemental jurisdiction over a
> claim under subsection (a) if—
>     (1)the claim raises a novel or complex issue of State law,

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367 (a), (c).

24.

Jurisdiction and venue are appropriate in this Court because the events giving rise to this complaint occurred in Salem, Oregon.

25.

The Court has the authority to provide the relief requested under 28 U.S.C. §§ 1651, 2201, and 2202, and its inherent equitable powers.

## PARTIES

26.

Plaintiff Marion County is a political subdivision of the State of Oregon having its county seat in Salem, Oregon

27.

Defendant Tina Kotek is the Governor of the State of Oregon and is sued in official capacity only on behalf of the state. Hereafter Defendant Tina Kotek is referred to as "Defendant State of Oregon."

28.

Defendant Kristi Noem is the Secretary of the Department of Homeland Security and is sued in official capacity only. The Department of Homeland Security is a department of the United States Government.

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

29.

Defendant Todd Lyons is the Acting director of the U.S. Immigration and Customs Enforcement, a division of the United State Department of Homeland Security, and is sued in official capacity only. Hereafter Defendant Kristi Noem and Defendant Todd Lyons are referred to as "Defendant United States."

## FEDERAL LAW

30.

The federal Immigration and Nationality Act gives federal immigration officers broad authority to enforce immigration laws, including through the use of administrative subpoenas to request records. *See, e.g.,* 8 U.S.C. §§ 1182, 1225, 1226, 1227, 1228, 1231.

31.

Federal Immigration Law provides: "The Attorney General and any immigration officer shall have power to require by subpoena . . . the production of books, papers, and documents relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the Service, and to that end may invoke the aid of any court of the United States." 8 U.S.C. § 1225(d)(4)(A).

32.

Federal Immigration Law provides: "Any United States district court within the jurisdiction of which investigations or inquiries are being conducted by an immigration officer may, in the event of neglect or refusal to respond to a subpoena issued under this paragraph . . . issue an order requiring such persons to appear before an immigration officer, produce books, papers, and documents if demanded, and testify, and any failure to obey such order of the court

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

may be punished by the court as a contempt thereof." 8 U.S.C. § 1225(d)(4)(B).

33.

Various procedural provisions related to an immigration subpoena are set out in 8 C.F.R. § 287.4 and other regulations.

34.

Federal Immigration Law provides: "Notwithstanding any other provision of Federal, State, or local law, a Federal, State, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual." 8 U.S.C. § 1373(a); *see also* 8 U.S.C. § 1644.

35.

Federal Immigration Law authorizes states and localities to cooperate with the federal government "in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States." 8 U.S.C. § 1357(g)(10)(B); *see also* 8 U.S.C. § 1373.

36.

The Constitution affords Congress the power to "establish a uniform Rule of Naturalization," U.S. Const. art. I, § 8, cl. 4, and to "regulate Commerce with foreign Nations," U.S. Const. art. I, § 8, cl. 3, and affords the President of the United States the authority to "take Care that the Laws be faithfully executed[.]" U.S. Const. art. II, § 3.

37.

The Supremacy Clause of the Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

notwithstanding." U.S. Const. art. VI, cl. 2.

38

Under the intergovernmental immunity principle of the Supremacy Clause of the United States Constitution, states may not enact certain laws that discriminate against the federal government.

39

Under the anti-commandeering principle of the Tenth Amendment to the United States Constitution, the federal government may not compel state governments to enforce or administer certain federal laws or policies. A United States Supreme Court case and several other cases indicate that there may be an information-sharing exception.

## INTERNAL CONFLICTS WITHIN OREGON'S SANCTUARY LAW

40.

There are internal conflicts within Oregon's Sanctuary law, HB 3265 (2021), related to how counties should respond to these records requests. There are conflicts between ORS 180.805(2) (provide information when required by federal law; see 8 U.S.C. 1225(d)(4)(A) here); ORS 181A.820(4) (may exchange info with feds); and ORS 181A.823(1)(c)(B) (information available to federal government on same terms as general public) verses ORS 181A.826(3)(a)(decline all federal requests).

41.

Oregon Sanctuary laws provide: "*Except as required by state or federal law*, a public body may not disclose, for the purpose of enforcement of federal immigration laws, the following information concerning any person, whether current or otherwise:

(a) The person's address;

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

(b) The person's workplace or hours of work;

(c) The person's school or school hours;

(d) The person's contact information, including telephone number, electronic mail

address or social media account information; . . .

ORS 180.805(2) (emphasis added). "Any person may bring a civil action against a law

enforcement agency or public body that violates [ORS 180.805(2)] to enjoin the violation." ORS

180.805(6).

42.

Oregon Sanctuary laws provide: "a law enforcement agency may exchange information

with a federal immigration authority in order to request criminal investigation information with

reference to persons named in records of the federal immigration authority." ORS 181A.820(4).

43.

Oregon Sanctuary laws provide: "A law enforcement agency or public body may not: . . .

(c) Provide information about an individual in the custody of the public body or law enforcement

agency to a federal immigration authority for the purpose of civil immigration enforcement,

except: . . . (B) *To the extent that the information is available to the general public and under the*

*same terms and conditions as the information is available to the general public*." ORS

181A.823(1)(c)(B) (emphasis added). "Any person may bring a civil action against a law

enforcement agency or public body that violates subsections (1) to (3) of this section to enjoin

the violation." ORS 181A.823(4).

44.

Oregon Sanctuary laws provide: "Public facilities, property, moneys, equipment,

technology or personnel may not be used for the purpose of investigating, detecting,

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

apprehending, arresting, detaining or holding individuals for immigration enforcement." ORS 181A.826(1). "Any person may bring a civil action against a law enforcement agency or public body that violates subsection (1) of this section to enjoin the violation." ORS 181A.826(5).

45.

Oregon Sanctuary laws provide: "*If a public body receives a* communication or *request from a federal agency that relates to immigration enforcement*, other than a judicial subpoena described in ORS 181A.826 (1)(c)(A), *the public body shall decline the request* and document the communication or request." ORS 181A.826(3)(a) (emphasis added). There is no private right of action for enforcement of this section.

46.

The current version of Oregon's Sanctuary law was enacted as HB 3265 (2021) and included ORS 180.805, ORS 181A.820, ORS 181A.823, and ORS 181A.826.

47.

The United States Court of Appeals for the Ninth Circuit found that Oregon's current Sanctuary law allows some information sharing with the federal government. *City & Cty. of S.F. v. Garland*, 42 F.4th 1078, 1085-86, n.8 (9th Cir. 2022). The Ninth Circuit recognized that "ORS 181A.820 explicitly *permits* state law enforcement agencies to 'exchange information with a federal immigration authority,' *see* ORS 181A.820(4), and has been interpreted by the Oregon Supreme Court accordingly." *Id*, 42 F.4th at 1085-86 (citing *Caruthers v. Kroger*, 347 Ore. 411, 222 P.3d 706, 707-08 (Or. 2009)). The Ninth Circuit also recognized that "Although ORS 180.805(4) prohibits disclosing immigration-status information, that provision is subject to a savings clause requiring compliance with federal law." *Id.* 42 F.4th at 1086. This demonstrates uncertainty regarding the application of ORS 181A.826 in light of HB 3265 (2021) as a whole.

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

48.

Oregon law provides that statutes shall be constructed such that, "where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all." ORS 174.010.

## CONFLICTS BETWEEN OREGON'S SANCTUARY LAW AND OREGON PUBLIC RECORDS LAW

49.

There is an apparent conflict between Oregon's public records laws in ORS Chapter 192 and Oregon's Sanctuary law in ORS 181A.826(3)(a).

50.

Under Oregon Public Records laws, the responsive records requested by the federal subpoenas are available to anyone who asks.

51.

Oregon Public Records laws provide: "[e]very person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.338, 192.345 and 192.355." ORS 192.314(a).

52.

The responsive records requested by the federal subpoenas are all public records under Oregon Public Records law. ORS 192.311(5).

53.

The immigration officers who signed the federal subpoenas are persons entitled to request public records under Oregon Public Records law. ORS 192.311(3); ORS 192.314(2)(b)(B).

54.

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

None of the Oregon Public Records exemptions in ORS 192.338, 192.345 and 192.355 apply to responsive records requested by the federal subpoenas that the Marion County would provide.

55.

Although residential address and telephone number can be redacted from a public records request if "submitted to the public body in confidence" and "not otherwise required by law to be submitted," ORS 192.377, responsive records requested by the federal subpoenas are not exempt in this situation as persons on parole are required to submit this information by law.

56.

Oregon's Public Records law allows counties to charge "fees reasonably calculated to reimburse the public body for the public body's actual cost of making public records available" or to waive fees in the public interest. ORS 192.324(4)-(5). Failure to pay a charged fee relieves a county from its obligation to produce records. ORS 192.329(3).

57.

A person whose request for public records is denied can appeal and, upon showing that denial was improper, obtain "costs and disbursements and reasonable attorney fees." ORS 192.431.

58.

There are no magic words or formatting required for a public records request.

59.

If the federal subpoenas are not binding under federal law, they would need to be treated as public records requests as they ask Marion County to "produce records" and describe the

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

public records requested.

60.

It is unclear which law prevails if there is a direct conflict between Oregon's Sanctuary law and Oregon's Public Records law.

61.

If an employee of another state sought the very same records requested here, even for the explicit purpose of immigration enforcement, Oregon's Public Records law would require it to be provided and Oregon's Sanctuary law would not prevent that.

62.

If an employee of a foreign country sought the very same records requested here, even for the explicit purpose of enforcement of that other country's immigration laws, Oregon's Public Records law would require it to be provided and Oregon's Sanctuary law would not prevent that.

63.

If a private individual sought the very same records requested here, even for the explicit purpose of immigration enforcement, Oregon's Public Records law would require it to be provided and Oregon's Sanctuary law would not prevent that.

64.

If a terrorist sought the very same records requested here, Oregon's Public Records law would require it to be provided and Oregon's Sanctuary law would not prevent that.

65.

If the very same immigration agents sought the very same records requested here, but did so in their private capacity, Oregon's Public Records law would require it to be provided and Oregon's Sanctuary law would not prevent that.

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

66.

If the very same immigration agents sought the very same records requested here, and did mention a purpose of immigration enforcement but also stated that they were acting in their private capacity and not acting on behalf of a federal agency, Oregon's Public Records law would require it to be provided and Oregon's Sanctuary law would not prevent that.

67.

If Oregon law is interpreted such that Oregon's Sanctuary law carves out an exemption to Oregon's Public Records law and blocks providing the responsive records requested by the federal subpoenas, then a person acting as an employee of the federal government would be treated differently than any other similarly situated person.

68.

Oregon courts have long recognized that statutes should be interpreted to avoid "an absurd or unreasonable result." *Beck v. Aichele*, 258 Or 245, 249, 482 P2d 184, 186 (1971).

69.

Oregon Constitution, Article I, Section 20, provides: "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

70.

The Fourteenth Amendment to the United States Constitution, Section 1 provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . nor deny to any person within its jurisdiction the equal protection of the laws."

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

71.

Oregon law provides that, "if any part of the statute is held unconstitutional, the remaining parts shall remain in force" in most situations. ORS 174.040.

## CONFLICT BETWEEN FEDERAL AND STATE LAW

72.

On information and belief, Defendant United States believes that Marion County is required by law to provide responsive records.

73.

On information and belief, Defendant State of Oregon believes that Marion County is prohibited by law from providing responsive records.

74.

Marion County is uncertain what the law requires but believes the law likely allows, but does not require, Marion County to provide responsive records.

75.

There are conflicts and ambiguities within and between federal and state laws that create uncertainty regarding what is required. It is important for the Court to clarify the law.

## RELEVANT AUTHORITIES

76.

"The court has discretion to refuse to consider a petition for a declaratory judgment and an injunction to stop a threatened or existing injury." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 436 (1948), citing *Federation of Labor v. McAdory*, 325 U.S. 450, 461. However, "[t]hat discretion is not unfettered." *Id.*, citing *Altvater v. Freeman*, 319 U.S. 359, 363. "There is no difference between declaratory suits involving an equitable remedy and other equity

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

suits. Where an actual controversy with federal jurisdiction exists over the legal relations of adverse parties, discretion usually cannot properly be exercised by refusing an adjudication." *Id.*, citing, *Meredith v. Winter Haven*, 320 U.S. 228; cf. *Bell v. Hood*, 327 U.S. 678.

77.

"Preemption of state law, by operation of the Supremacy Clause, can occur in one of several ways: express, field, or conflict preemption." *Cohen v. Apple Inc, 46 F.4th 1012, 1027* (9th Cir. 2022), (citing *Kurns v. R.R. Friction Prods. Corp, 565 U.S. 625,630 (2012).*, 565 U.S. at 630-31). Congress's intent to preempt does not need to be express. *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 884-85 (2000). One form of implied preemption is conflict preemption, which is at issue "where compliance with both federal and state regulations is a physical impossibility and those instances where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Arizona v. United States*, 567 U.S. 387, 399 (2012). To determine whether conflict preemption exists the Supreme Court has instructed lower courts "to be informed by examining the federal statute as a whole and identifying its purpose and intended effects." *Id.* The Supreme Court explains the doctrine of implied conflict preemptions as follows, "[t]he statutorily authorized regulations of an agency will pre-empt any state or local law that conflicts with such regulations or frustrates the purposes thereof." *City of New York v. FCC*, 486 U.S. 57, 63 (1988).

78.

Administrative subpoenas such as these are "sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *United States v. Morton Salt Co*., 338 U.S. 632, 652 (1950). Marion County concedes that the scope of four of the subpoenas is not too indefinite and the information sought is

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

reasonably relevant to immigration and customs work.

79.

A party cannot challenge a subpoena if the "statute provides no express right to challenge subpoenas issued under it." *United States v. Plunk*, 153 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by United States v. Hankey*, 203 F.3d 1160, 1169 n.7 (9th Cir. 2000). In the present case, the relevant federal statue "does not provide an express right to challenge the subpoenas issued under [it]." See *United States v. Brooks*, 841 Fed. Appx. 346, 350 (3rd Cir. 2020). Therefore, there is no other remedy available to Marion County that would not make it subject to lawsuits or possible sanctions.

## MARION COUNTY HAS LEGAL STANDING

80.

Marion County is already spending staff time and financial resources evaluating legal requirements related to the federal subpoenas.

81.

Marion County faces interference with operational and governance decisions.

82.

If Marion County does not provide responsive records requested by the federal subpoenas, then Marion County faces the imminent risk of subpoena enforcement action or contempt of court by Defendant United States along with related legal costs for Marion County.

83.

If Marion County does not provide responsive records requested by the federal subpoenas, then Marion County faces the imminent risk of being declared a sanctuary jurisdiction by Defendant United States and (1) having federal funding frozen, (2) losing future

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

federal funding opportunities for victim assistance programs, transportation, and other grants, or (3) spending money on litigation to challenge such fund loss.

84.

If Marion County does not provide responsive records requested by the federal subpoenas, then Marion County faces the imminent risk of being sued for violation of Oregon's Public Records laws, which would create legal defense costs, take up staff time, and if Marion County was determined to have violated Oregon's Public Records laws, then Marion County would face civil liability for costs, disbursements, and attorney fees.

85.

If Marion County does not provide responsive records requested by the federal subpoenas, then Marion County faces the imminent risk of civil liability claims by the United States Department of Justice.

86.

If Marion County does not provide responsive records requested by the federal subpoenas, then Marion County faces the imminent risk of its officials facing criminal charges threatened by the United States Department of Justice.

87.

If Marion County provides responsive records requested by the federal subpoenas, then Marion County faces the imminent risk of being investigated or sued by the Oregon Attorney General, which would create legal defense costs, take up staff time, and if Marion County were determined to have violated Oregon's sanctuary laws, then Marion County could face civil liability. This is an imminent threat as the Oregon Attorney General has already set up a "Sanctuary Promise Violations Hotline." https://www.doj.state.or.us/oregon-department-of-

justice/civil-rights/sanctuary-promise/reporting-sanctuary-promise-violations-to-the-hotline/ The

hotline is intended to "help Oregon DOJ inquire about suspected violations to Oregon's

Sanctuary Promise Act and provide support where possible" and "[i]nform and support the

Oregon Department of Justice's Sanctuary Promise Investigator to determine if ODOJ can open

an inquiry on behalf of the state." https://www.doj.state.or.us/oregon-department-of-justice/civil-

rights/sanctuary-promise/why-report/

88.

If Marion County provides responsive records requested by the federal subpoenas, then

Marion County faces the imminent risk of being sued by the individuals whose records are

requested by the subpoenas, various advocacy groups, or others alleging violation of Oregon's

sanctuary laws. Such lawsuits would, at a minimum, create immediate legal defense costs for

Marion County. If Marion County were determined to have violated Oregon's sanctuary laws,

then Marion County could face civil liability. This is an imminent threat as lawsuits seeking to

enforce Oregon's sanctuary laws have already been filed and threatened. *See, e.g.,*

https://www.klcc.org/politics-government/2025-08-02/as-contacts-between-oregon-police-and-

immigration-enforcement-grow-a-group-is-helping-communities-enforce-sanctuary-law

89.

If Marion County provides responsive records requested by the federal subpoenas, which

records facilitate Defendant United States taking custody of the individuals on parole, then

Marion County would save money and staff time that would have otherwise been spent on parole

supervision and may also save money and staff time for both the county and the community if

that prevents future criminal activity in Marion County by the individuals on parole or by others

who are deterred from criminal conduct.

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

90.

Whether or not Marion County provides responsive records requested by the federal subpoenas will impact how immigrants on parole view Marion County and interact with county parole supervision, which will result in staffing and fiscal impacts.

91.

Whether or not Marion County provides responsive records requested by the federal subpoenas will impact how immigrants view Marion County and interact with county programs, which will result in fiscal impacts.

92.

Whether or not Marion County provides responsive records requested by the federal subpoenas will impact how county staff view Marion County and will impact staffing and recruitment, which will result in fiscal impacts.

## FIRST CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT - 28 U.S.C. § 2201 *ET SEQ.*)

93.

Marion County hereby incorporates paragraphs 1 through 102 of the Complaint as if fully stated herein.

94.

"In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

95.

"Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

96.

To resolve this situation before any liability or lost funds occur, Marion County asks the Court to resolve the uncertain interpretation and conflicts within and between federal and state laws by declaring whether Marion County is required, prohibited, or allowed to provide responsive records requested by the federal subpoenas. This necessarily involves at least the following questions:

1. Does Oregon's Sanctuary law prohibit Marion County from providing responsive records requested by the federal subpoenas?

2. Regardless of what Oregon's Sanctuary law provides, does Oregon's Public Records law still allow Marion County to provide responsive records requested by the federal subpoenas?

3. Does 8 U.S.C. §1225 (d)(4)(A) preempt any conflicting provisions of Oregon's Sanctuary law?

4. Does the Tenth Amendment anti-commandeering principle prevent 8 U.S.C. §1225 (d)(4)(A) preempting any conflicting provisions of Oregon law in this situation?

5. Does Oregon's Sanctuary law discriminate against the federal government in this situation such that, under the intergovernmental immunity principle of the Supremacy Clause of the United States Constitution or other federal or state constitutional provisions, Oregon's Sanctuary law may not prevent Marion County from providing

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

responsive records requested by the federal subpoenas in the same manner as responding to a normal public records request?

## SECOND CLAIM FOR RELIEF – SUPPLEMENTAL JURISDICTION (DECLARATORY JUDGMENT – ORS 28.010 *ET SEQ.*; 28 U.S.C. § 1367)

97.

Marion County hereby incorporates paragraphs 1 through 106 of the Complaint as if fully stated herein.

98.

In the alternative to the First Claim for Relief, the Court should interpret the requirements of Oregon's Sanctuary law and its interaction with Oregon's Public Records law.

99.

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a judgment." ORS 28.010.

100.

"Any person interested . . . whose rights, status or other legal relations are affected by a constitution, statute, . . . may have determined any question of construction or validity arising under any such . . . constitution, statute, . . . and obtain a declaration of rights, status or other legal relations thereunder." ORS 28.020.

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

101.

"Further relief based on a declaratory judgment may be granted whenever necessary or proper. The application thereof shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment to show cause why further relief should not be granted forthwith." ORS 28.080.

102.

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. . . . [I]f the constitution, [or] statute, . . . is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard." ORS 28.110.

103.

The Court should declare whether Oregon law requires, prohibits, or allows Marion County to provide responsive records requested by the federal subpoenas.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Marion County respectfully requests the following relief:

1. For the court to declare whether Marion County is required, prohibited, or allowed to provide responsive records requested by the federal subpoenas due to the interaction of federal and state laws;

2. In the alternative, for the court to declare whether Oregon law requires, prohibits, or allows Marion County to provide responsive records requested by the federal subpoenas regardless of what federal law provides;

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

3. That the Court award Marion County its costs and fees in this action; and

4. That the Court award any other relief that the Court deems just and proper.

Dated this 18th day of August, 2025

/s/ Steve Elzinga

_____

STEVE ELZINGA, OSB #123102
Of Attorneys for Marion County
555 Court Street NE, Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
E-Mail: selzinga@co.marion.or.us

SEBASTIAN TAPIA, OSB #043761
Of Attorneys for Marion County
555 Court Street NE, Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
E-Mail: stapia@co.marion.or.us