IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARION COUNTY, *a Political Subdivision of the State of Oregon*,<br><br>           Plaintiff,<br><br>    v.<br><br>TINA KOTEK, *in her official capacity as Governor of Oregon*; KRISTI NOEM, *in her official capacity as Director of United States Department of Homeland Security*; TODD LYONS, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*,<br><br>           Defendants. | Case No. 6:25-cv-01464-MC<br><br>OPINION AND ORDER |

MCSHANE, Judge:

Plaintiff Marion County seeks a declaratory judgment clarifying whether Oregon law allows Plaintiff to comply with federal immigration enforcement subpoenas. Compl. ¶ 96, ECF No. 1. Defendant State of Oregon moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Mot. Dismiss 1, ECF No. 12. Because Plaintiff lacks standing, its Complaint, ECF No. 1, is **DISMISSED** with prejudice.

## BACKGROUND

On July 30, 2025, Homeland Security Investigations ("HSI")—the primary investigative arm of U.S. DHS and ICE—issued five immigration enforcement subpoenas to Plaintiff Marion

County under 8 U.S.C. § 1225(d)(4)(A).[1] Compl. ¶¶ 2, 10; Castelli Decl. Ex. 3, at 2, ECF No. 13-3. Around this same time period, Clackamas, Washington, and Multnomah Counties also received administrative subpoenas and declined to comply as required by Oregon sanctuary law. Castelli Decl. Ex. 3, at 11, 13. Instead of responding directly to the subpoenas, Marion County filed this action seeking declaratory relief. Compl. ¶ 96. Marion County asks the Court to "declare whether [it] is required, prohibited, or allowed to provide responsive records" under state law. *Id.* ¶ 103.

On October 1, 2025, the United States petitioned this Court to enforce the subpoenas served on Marion, Clackamas, Washington, and Multnomah Counties. *See United States v. Multnomah Cnty. Dep't of Cmty. Just.*, No. 6:25-cv-01784-MC, 2025 WL 3267361, at *1 (D. Or. Nov. 24, 2025). The Court found that the subpoenas, including the ones at issue in this case, were legally enforceable under both state and federal law. *Id.* at *4. Accordingly, the Court granted the United States' Petition. *Id.*

Before the Court published its November 24, 2025, Order, Defendant State of Oregon moved to dismiss this action for lack of subject matter jurisdiction. Mot. Dismiss 1.

## LEGAL STANDARD

When evaluating a claim for a declaratory judgment, courts must "ensure the presence of an actual case or controversy" so that the judgment does not become an advisory opinion. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) "Absent a true case or controversy, a complaint solely for declaratory relief . . . [fails] for lack of jurisdiction under Rule 12(b)(1)." *Id.*

Plaintiffs must demonstrate standing for each claim they bring. *Murthy v. Missouri*, 603 U.S. 43, 61 (2024). "[T]hose who invoke the power of a federal court" must show they have "'a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be

---

[1] After Plaintiff filed its Complaint, HSI withdrew one of the five administrative subpoenas. Castelli Decl. Ex. 1, ECF No. 13-1.

redressed by the requested relief.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

A plaintiff's injury in fact must be concrete, particularized, actual, and imminent. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Litigation costs do not constitute injury in fact for standing purposes. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

## **DISCUSSION**

Defendant State of Oregon asserts that Plaintiff cannot establish standing because it suffers no injury from declining to respond to administrative subpoenas absent a court order. Mot. Dismiss 8. Defendant State of Oregon also contends that Marion County invents a false conflict between state and federal law. Mot. Dismiss 1–2. "There is no uncertainty about the law that this Court needs to address in this case." *Id.* 2. This Court agrees. Oregon law permits state and county officials to answer judicially ordered administrative subpoenas. 2025 WL 3267361, at *1.

Plaintiff cannot establish an injury in fact. Plaintiff repines that it will be subject to "imminent" sanctions and litigation for declining to comply with federal immigration enforcement subpoenas as required by state law. Compl. ¶¶ 79, 84. Plaintiff further alleges that it expends time and resources evaluating and responding to immigration enforcement subpoenas. *Id.* ¶ 80.

However, the Complaint does not allege that Defendant United States ever threatened contempt, sanctions, or punitive action against Plaintiff for not responding to the subpoenas. *See* Compl. Defendant United States even confirms that Plaintiff faces no imminent risk of punitive action because Marion Country provided responsive records after this Court granted the United States' enforcement Petition. Def. U.S. Answer ¶¶ 82–86, ECF No. 21; 2025 WL 3267361, at *4.

Plaintiff argues "the future harm here is far from hypothetical or self-inflicted." Pl.'s Resp. Mot. Dismiss 7, ECF No. 22. Plaintiff must show that the threat of future harm is "certainly impending." *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1118 (9th Cir. 2022) (citation omitted). Yet Plaintiff's alleged harm would arise from its own refusal to comply with a judicial enforcement order.[2] Pl.'s Resp. Mot. Dismiss 7. This does not confer standing. *E.g., Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976) (holding "[n]o State can be heard to complain about damage inflicted by its own hand.").

Plaintiff Marion County suffers no injury from federal and state statutory schemes that contemplate the enforcement process for federal administrative subpoenas. Preparing responsive records and verifying whether Oregon law permits compliance do not constitute injuries for standing purposes. Without a concrete injury, Plaintiff lacks standing to bring its claims.

## CONCLUSION

Because Plaintiff cannot establish an injury in fact, Defendant's Motion to Dismiss, ECF No. 12, is **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice.

IT IS SO ORDERED.

DATED this the 23rd day of February 2026.

s/ Michael J. McShane
Michael McShane
United States District Judge

---

[2] Plaintiff argues that future harm is imminent because federal law "envisions" the following: "ICE issues a subpoena, and if a public body declines, ICE can seek enforcement via a court order and then contempt." Pl.'s Resp. Mot. Dismiss 7. This scenario supposes that Plaintiff suffers harm by refusing to follow federal *and* state law.